# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 8, 2013

Lyle W. Cayce
Clerk

13-60289
Summary Calendar

JOHN MICHAEL GASSAWAY,

Petitioner - Appellant

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent - Appellee

Appeal from the Decision
of the United States Tax Court
Case No. 17745-10

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

John Michael Gassaway appeals the decision of the Tax Court that held certain funds Gassaway received in 2006 should have been declared as taxable income on his 2006 tax return. Gassaway contends the Tax Court ignored unrefuted evidence that the funds were a bona fide loan and erred in admitting evidence of Gassaway's seventeen-year-old conviction and disciplinary history with the Oklahoma bar. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60289

FACTUAL BACKGROUND

In November 2006 Gassaway, a practicing lawyer in Oklahoma at the time, received $392,355 in cash from a client, Sanchez. This cash is what the IRS asserts was taxable income while Gassaway claims it was a loan. Sanchez was a client of Gassaway's who had been charged with felony drug trafficking in 2005. Sanchez posted bail, subsequently failed to appear in court, and a bench warrant for his arrest was issued in March 2005. Gassaway filed and reported $170,000 as income from his 2005 representation of Sanchez. Gassaway last spoke to Sanchez in November 2006, at which time Sanchez was a fugitive. At this last November meeting, Gassaway received the $392,355 he claims was a loan. Consequently, he argues there was no requirement to report the sum on his federal income tax return for 2006.

No security or collateral was provided to Sanchez for the $392,355. The transaction was evidenced by a promissory note that was signed only by Gassaway and never seen by Sanchez. The note recited a promise to repay Sanchez with a four-percent interest rate, due five years from the date of the note. Gassaway alleged the funds were for a joint investment in property in Austin, Texas. After receiving the funds from Sanchez, Gassaway wired $400,991.91 to Land America Commonwealth Title of Austin as partial payment for a house located in Austin. Gassaway paid a total of $1,057,350 for the house, the balance of which was paid with a mortgage loan. On the loan application, he represented that no part of the down payment was borrowed and that he intended to occupy the house as his primary residence. In 2008, Gassaway moved into the Austin home and continued to occupy the house through the time of the trial of this case. On February 17, 2011, Gassaway mailed a letter and check for $432,000 to Sanchez at an address in Chicago. The account on which the check was written did not have sufficient funds to

2

pay the check and the envelope in which the check was sent was returned marked "Attempted-Not Known, Unable to Forward."

In 2010 the IRS issued notice to Gassaway asserting a $138,355 deficiency in tax based on its determination that the $392,355 received from Sanchez in 2006 was includable in Gassaway's gross income for that year. Gassaway, asserting the funds from Sanchez were a loan, petitioned the Tax Court for redetermination of the deficiency.  After a trial, the Tax Court concluded the funds received from Sanchez were not a loan and thus properly treated by the IRS as taxable income.  Gassaway timely appealed, and we have jurisdiction pursuant to 26 U.S.C. § 7482(a).

## DISCUSSION

"We apply the same standard of review to decisions of the Tax Court that we apply to district court decisions." *Green v. Commissioner*, 507 F.3d 857, 866 (5th Cir. 2007).  "Findings of fact are reviewed for clear error and issues of law are reviewed de novo."  *Id.*

### I.    *Were the funds from Sanchez a loan?*

A loan does not constitute income for tax purposes because "whatever temporary economic benefit [the taxpayer] derives . . . is offset by the corresponding obligation to repay [the loan]."  *United States v. Rochelle*, 384 F.2d 748, 751 (5th Cir. 1967).  Critical features of a loan are an existing, unconditional, and legally-enforceable obligation to pay and the intention of the parties that the money advanced be repaid.  *Tomlinson v. 1661 Corp.*, 377 F.2d 291, 295 (5th Cir. 1967); *Moore v. United States*, 412 F.2d 974, 979 (5th Cir. 1969).  A taxpayer seeking to exclude an amount from gross income as a loan bears the burden of proving that he intended to repay the amount and that the supposed lender intended to collect it.  *See Frierdich v. Commissioner*,

925 F.2d 180, 182 (7th Cir. 1991). The substance of the transaction is controlling and "a formalized attempt to achieve the desired tax result while lacking in necessary substance" is insufficient to establish the existence of a loan. *Tomlinson*, 377 F.2d at 295.

Gassaway argues that the unrebutted evidence shows the funds he received from Sanchez were a loan for the purposes of a joint investment in property in Austin. He relies on the promissory note, his purchase of the Austin property, and his attempt to repay Sanchez as unrefuted evidence of a bona fide loan. The Tax Court concluded that the loan agreement neither signed nor seen by Sanchez was "suspect" and "incomplete."

We agree with the court's conclusion that Sanchez's lack of security or collateral, coupled with Gassaway's attempt at repayment from an account with insufficient funds, undermine Gassaway's claim that the parties intended repayment of the money. *See Moore*, 412 F.2d at 978. The court found Gassaway's testimony lacked indicia of reliability and the scenario he presented — that Sanchez loaned money for an unsecured investment and then disappeared making no attempt to collect — was implausible. Finally, Gassaway's assertion that the property in Austin was a joint investment was contradicted by his representations on the mortgage loan application indicating his intent to occupy the property as his primary residence. We find no error with the court's characterization of the evidence and credibility findings and thus agree with the court's conclusion that the $392,355 from Sanchez was not a loan.

*II. Admission of evidence of a remote prior conviction*

Gassaway contends the Tax Court erred in admitting evidence of his seventeen-year-old criminal conviction and 2008 disbarment. "Evidentiary decisions as to the admissibility of evidence should not be disturbed except for

abuse of discretion." *United States v. Brown*, 547 F.2d 1264, 1266 (5th Cir. 1977).   Relevant to the analysis of this evidentiary dispute is Gassaway's disciplinary history with the Oklahoma bar.

Gassaway was disbarred in Oklahoma in June 2008 as a result of years of disciplinary actions beginning in 1987.  In 1995 Gassaway was convicted of making a false statement on a federal income tax return.  He resigned from the Oklahoma Bar but was readmitted in 2002.  In 2004, the Oklahoma Bar Association filed a complaint alleging three counts of misconduct, which they later amended in 2007 to add twelve additional counts.   Disciplinary proceedings against Gassaway were therefore pending at the time of the 2006 transfer of funds at issue here.

Gassaway objected at trial to the admission of his conviction and disbarment.  The court reserved ruling on the objection.  In its opinion, the Tax Court concluded that the time limitations of Rule 609 — the basis of Gassaway's objection to the evidence — do not apply if a conviction is admitted for a purpose other than impeachment.  *See United States v. Lopez*, 979 F.2d 1024, 1033-34 (5th Cir. 1992); FED. R. EVID. 609. The court then evaluated the admissibility of Gassaway's disciplinary history and prior conviction under the general standards of Rules 402 and 403.  FED. R. EVID. 402, 403.  It concluded that Gassaway's status with the Oklahoma Bar in 2006 was probative of whether his receipt of the funds was income or a loan.  The court further concluded that Gassaway must have known disbarment was likely and intended to relocate to Texas.  His troubles with the Oklahoma Bar were relevant because they contradicted his testimony that purchase of the home was a joint investment.  Finally, the court determined that the danger of unfair prejudice in a trial without a jury was minimal.  *See* FED. R. EVID. 403.

Gassaway urges on appeal that, under *Lopez*, admission of his seventeen-year-old conviction was improper, creating reversible error.  *See*

*Lopez*, 979 F.2d at 1033-34.[1]    We conclude the Tax Court did not err in admitting evidence of Gassaway's disciplinary history with the Oklahoma bar and his prior conviction.    The pending disciplinary actions against Gassaway at the time he received the funds from Sanchez are probative of his intentions in purchasing the house in Texas.    The court did not abuse its discretion in concluding any risk of unfair prejudice did not outweigh the probative value of the evidence.    *See Brown*, 547 F.2d at 1266.

AFFIRMED.

---

[1] We note that admissibility of Gassaway's prior conviction and disciplinary history with the Oklahoma bar might also be analyzed under Rule 404(b) as a "crime, wrong, or other act" probative of Gassaway's intent in purchasing property in Texas.    *See* FED. R. EVID. 404(b).    Because the Tax Court analyzed admissibility under the standards of Rule 402 and 403, we will consider whether admission was proper under those rules.